IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony James, a/k/a Anthony Glenn James, <br><br>                    Plaintiff, <br><br> vs. <br><br> Lea Asheley Shannon Wright, *Assistant Solicitor*; Scarlette Wilson, *Ninth Circuit Solicitor*; Ptl. Official Daniels, *Charleston Police Department*; Scott Perry, *Sgt. with North Charleston Police Department*; Michael Smith, *Probation and Parole Agent with S.C. Department of Probation, Pardon, and Parole Services*, <br><br>                    Defendants. | Civil Action No. 2:22-cv-01444-TMC <br><br> **ORDER** |

Plaintiff Anthony James ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this action alleging Defendants violated his civil rights. (ECF Nos. 1; 2; 6). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), concluding that the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommending the court dismiss this action with prejudice and without issuance and service of process. (ECF No. 7 at 7). Plaintiff filed objections to the Report, (ECF No. 9), and this matter is now ripe for review.[1]

---

[1] Plaintiff also filed a supplemental set of "amended" objections. (ECF No. 16). These objections were clearly untimely; however, the court has considered them out of an abundance of caution in light of the Plaintiff's *pro se* status and concludes that the additional objections do not change the outcome.

**Background and Report of the Magistrate Judge**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 7 at 2–3). Briefly, Plaintiff alleges that on August 29, 2005, he was convicted in state court of certain charges and received a prison term of 18 years.[2] (ECF No. 1 at 6–7). According to Plaintiff, Defendants Wright and Perry used perjured testimony and fabricated evidence in the prosecution of Plaintiff. *Id*. Additionally, Plaintiff claims his guilty plea to these charges was not knowing and intelligent. *Id*. Plaintiff seeks monetary damages for this purportedly unconstitutional conviction as well as an order from this court vacating the 2005 conviction. *Id*. at 10. Plaintiff further claims that between 2003 and 2004, he was arrested on four state charges which were later dismissed but Defendant Scarlett A. Wilson failed to have them expunged. *Id*. at 7. Plaintiff seeks money damages and an order of expungement from this court. *Id*. at 10. Next, Plaintiff alleges he was released on July 1, 2020, after serving 16 years of his 18-year sentence but was subsequently charged by Defendant Michael Smith for a probation/community supervision violation even though his original sentence did not impose probation/community supervision. *Id*. at 8. Finally, Plaintiff alleges that on December 1, 2020, Defendant Officer Daniels subjected him to a traffic stop without reasonable suspicion or probable cause. *Id*. at 7. The traffic stop resulted in state charges against Plaintiff for simple possession of marijuana and unlawful possession or carrying of a firearm. *Id*. at 7–8. In his complaint, Plaintiff sought an order from this court dismissing the pending state charges resulting from the December 1st traffic stop as well as money damages. *Id.* at 10.

The magistrate judge first concluded that Plaintiff's claims for damages related to his prosecutions, convictions, and community supervision sentence are barred by *Heck v. Humphrey*,

---

[2] Plaintiff does not specify the charges of conviction.

512 U.S. 477 (1994).  (ECF No. 7 at 4).  The magistrate judge reasoned that *Heck* applied because judgment in Plaintiff's favor with respect to these issues "would necessarily imply the invalidity of his subsequent convictions" and Plaintiff had failed "to demonstrate he has successfully challenged these convictions and sentences."  *Id*. at 4–5.  Thus, the magistrate judge recommended that those claims be summarily dismissed.

Second, the magistrate judge concluded that, "[t]o the extent Plaintiff is asserting a claim against Wright and Wilson for actions associated with the prosecution of his criminal charges, his claims are barred by prosecutorial immunity.  Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings."  *Id*. at 5.  Accordingly, the Report recommended Plaintiff's claims against Defendants Lea Asheley Shannon Wright and Scarlett A. Wilson be dismissed based on prosecutorial immunity as well.  *Id*.

Finally, as to the pending criminal charges in state court, the magistrate judge concluded that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate in this case and recommended dismissal of Plaintiff's claims relating to those charges.  *Id*. at 5–6.

**Standard of Review**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not

3

objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege

4

or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

**Discussion**

*Objections*

Plaintiff objects to the Report on a few specific grounds. He suggests that prosecutorial immunity does not shield Defendant Wilson from his claim against her because his allegations involve the performance of "administrative duties"—specifically, the purported duty to expunge his record. (ECF No. 9 at 2). This objection is overruled. Prosecutors and "other prosecutorial employees" are "entitled to absolute immunity for activities intimately associated with the judicial process," including "expunction or sealing" state court records. *Gabriel v. El Paso Combined Cts.*, 842 Fed. App'x 231, 234–35 (10th Cir. 2021), *cert. denied*, 143 S. Ct. 205 (Oct. 3, 2022); *see also Brown v. Del. Cty. Ct. of Common Pleas*, 847 Fed. App'x 134, 135 (3d Cir. 2021) (noting that "to the extent that Brown intended to state claims against the district attorneys who litigated his motion to expunge, they too would be immune from suit under § 1983").

Plaintiff also objects to the application of *Heck* by the magistrate judge. (ECF No. 16). Specifically, Plaintiff cites *Chewning v. Ford Motor Co.*, 550 S.E.2d 584 (S.C. Ct. App. 2001), as additional support for his argument that his state conviction was unconstitutional. (ECF No. 16 at 2). However, *Chewning* is not applicable or relevant to the magistrate judge's analysis under *Heck*. More generally, Plaintiff essentially reasserts his claim regarding the alleged false evidence and

fails to address the dispositive portion of the magistrate judge's discussion as to this claim. Accordingly, this objection is overruled.

With respect to his other objections, Plaintiff generally restates his claims or adds new facts to support his claims without addressing the basis for the magistrate judge's conclusion that Plaintiff's claims were not viable as a matter of law. To the extent Plaintiff raised other objections not discussed herein, the court overrules them.

*Plaintiff's Motion to Amend*

After the magistrate judge issued her Report and Plaintiff filed his initial objections, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 13). In particular, Plaintiff wishes to add two sets of allegations. *See id*. The first relates to Plaintiff's claim against Defendant Daniels for allegedly conducting an illegal traffic stop on December 1, 2020, resulting in the simple possession and firearm charges previously noted. *Id*. at 2. The magistrate judge correctly determined that Plaintiff's claim as to Defendant Daniels is barred by the *Younger* abstention doctrine because the charges were pending at that time Plaintiff filed his Complaint. (ECF No. 7 at 5–6). Since that time, however, Plaintiff alleges that the charges arising from the traffic stop conducted by Defendant Daniels have been dismissed "due to failure to indict." (ECF No. 13 at 2). Accordingly, it appears that neither *Heck* nor *Younger* impose an impediment to the development of a potentially viable § 1983 claim. Thus, the court will grant Plaintiff leave to amend his complaint to allege that the charges resulting from the December 1st traffic stop have been dismissed.

Plaintiff also wishes to amend the complaint to add allegations against Officer Austin T. Rissanen who arrested him on April 6, 2022 and charged him with methamphetamine trafficking. *Id*. These state charges are currently pending, and Plaintiff is incarcerated on these charges.

6

*Younger* abstention would apply to Plaintiff's proposed claim against Officer Rissanen; therefore, the court will not grant leave for Plaintiff to add a claim against Officer Rissanen.

## Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for leave to file an amended complaint. (ECF No. 13). Plaintiff is granted leave to file an amended complaint **on or before February 23, 2023** with respect to the claim against Defendant Daniels based on the December 1st traffic stop; Plaintiff is not granted leave to add any other claims or defendants.

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court adopts the Report (ECF No. 7) and its recommended disposition except as to Defendant Daniels. Accordingly, this action is **DISMISSED with prejudice** and without issuance and service of process **as to ALL DEFENDANTS EXCEPT DEFENDANT DANIELS**. The Clerk of Court is directed to return this matter to the able magistrate judge for further pre-trial handling.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 27, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate.

---

[3] The court notes that the magistrate judge's Report contained no error requiring the court to partially deviate from the recommendation contained in the Report; rather, the court's subsequent granting in part of the motion to amend—which was never before the magistrate judge—necessitated the court's ruling.