# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Anthony Glenn James, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Cody L. Daniels, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 2:22-cv-1444-TMC <br><br> **ORDER** |

Plaintiff Anthony Glenn James, proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 against Defendant Cody L. Daniels, an officer with the Charleston Police Department, alleging that his constitutional rights were violated during a traffic stop initiated and conduct by Defendant on December 1, 2020. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Plaintiff filed a motion for summary judgment, (ECF No. 50), to which Defendant filed a response in opposition, (ECF No. 54). The magistrate judge issued a Report and Recommendation ("Report"), (ECF No. 55), recommending that the court deny Plaintiff's motion for summary judgment. Plaintiff filed objections to the Report, (ECF No. 60). This matter is now ripe for review.

## I. Background Summary

The Report summarizes the facts in a light most favorable to Defendant, the non-moving party. (ECF No. 55 at 2–4). As Plaintiff did not specifically object to this portion of the Report, the court incorporates the magistrate judge's recitation of background facts and, therefore, recounts them only briefly herein. On December 1, 2020, Plaintiff was stopped because his taillights were

not operating properly. (ECF No. 54-1). According to Defendant, he smelled marijuana when he approached Plaintiff's vehicle. *Id*. Defendant informed Plaintiff that due to the odor of suspected marijuana, a probable cause search of the vehicle would be performed. *Id.* After Plaintiff exited the vehicle, the officers observed a clear plastic bag filled with presumed marijuana on the floorboard in front of the driver's seat. *Id.* Plaintiff was then taken into custody for possession of marijuana, and, during a search of his person, Plaintiff admitted he had a handgun in the inner left breast pocket of his jacket. *Id.* Additionally, a subsequent search of Plaintiff's vehicle turned up several plastic bags on the floorboard, a white envelope bearing Plaintiff's name and containing 18 unrecognizable capsule pills, a digital scale, and small unused plastic bags inside the envelope. *Id.*

Plaintiff was charged with violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), 18 U.S.C. § 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime, and 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances). *See United States v. James*, No. 2:22-cr-191-RMG, dkt # 1. The court ultimately dismissed Plaintiff's charges, granting the government's motion to dismiss the charges following a hearing on Plaintiff's motion to suppress "in which he argued, as he does here, that the evidence showed that his taillights were working and thus no reason existed for Defendant to pull Plaintiff over." (ECF No. 55 at 3); *see James*, No. 2:22-cr-191-RMG, dkt # 72; 75; 76.

Plaintiff filed this action under 1983, asserting Defendant's actions connected to the traffic stop violated his rights under the First, Fourth, Eighth and Fourteenth Amendments. (ECF Nos. 1; 31). Plaintiff's motion for summary judgment is now before the court. (ECF No.50). In assessing this motion, the magistrate judge reasoned as follows:

> While the criminal charges stemming from the arrest of Plaintiff on December 1, 2020 have been dismissed, a question of fact remains as to whether

> Defendant violated the Plaintiff's constitutional rights, as alleged in the amended complaint.
>
> In his motion, Plaintiff claims probable cause did not exist for his arrest. [ECF No. 50-2]. Defendant has submitted evidence that Plaintiff was operating his vehicle on Sam Rittenberg Boulevard without operable taillights in violation of S.C. Code Ann. § 56-5-5310. [ECF No. 54-2 ¶ 3]. Taking the evidence in the light most favorable to Defendant, the undersigned recommends denying Plaintiff's motion for summary judgment as to his Fourth Amendment claim regarding Defendant's initial encounter with Plaintiff. An officer "may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry, 392 U.S. at 30); see also State v. Jihad, 553 S.E.2d 249, 251 (S.C. 2001) ("We hold, under a plain reading of § 56-5-4730, it is unlawful to drive with a non-functioning brake light. Accordingly, the traffic stop in this case was valid.").
>
> To the extent that Plaintiff challenges his ensuing arrest [see ECF No. 31 at 4 (arguing Defendant "took me to jail for drugs that didn't belong to me")], Defendant has submitted evidence that he smelled the odor of marijuana, an illegal narcotic, upon his approach to the vehicle; Plaintiff was the vehicle's sole occupant; and a plastic bag containing what Defendant identified to be marijuana through his training and experience was found on the floorboard in front of the driver's seat. [ECF No. 54-2 ¶¶ 3–5]. Defendant has also submitted evidence that a digital scale and other empty plastic bags were found in the vehicle in an envelope with the Plaintiff's name on it. [ECF No. 54-1].
>
> Here, taking the evidence in the light most favorable to Defendant, he had probable cause to arrest Plaintiff after finding the marijuana. *See, e.g., United States v. Scheetz*, 293 F.3d 175, 184 (4th Cir. 2002) ("Once the car was properly stopped and the narcotics officers smelled marijuana, the narcotics officers properly conducted a search of the car."); *United States v. Hall*, 397 F. App'x 860, 862 (4th Cir. 2010) (unpublished) ("[T]he discovery of the marijuana in plain view gave police probable cause to conduct the search of the vehicle that ultimately led to the firearm's discovery.").

(ECF No. 55 at 7–9). Accordingly, the magistrate judge recommended this court deny Plaintiff's motion for summary as to his Fourth Amendment claim. *Id*. at 9. The magistrate judge further recommended that the court deny summary judgment as to Plaintiff's remaining claims because Plaintiff failed to submit argument or evidence in support of his claims under the First, Eighth or Fourteenth Amendments. *Id*. at 9 n.3. And, in light of these recommendations, the magistrate

3

judge did not address Defendant's contention that he is entitled to qualified immunity protection. *Id*. at 9.

## II.  Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious

case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

### III. Discussion

The bulk of Plaintiff's objections to the Report are related to Judge Gergel's order granting the government's motion to dismiss the charges in his criminal action. *United States v. James*, No. 2:22-cr-191-RMG, dkt. # 76 (D.S.C. Feb. 1, 2023). Plaintiff argues that the Report is improperly recommending that the court in this instant 1983 action contradict the prior ruling in his criminal action that Defendant "did not have probable cause to initiate a traffic stop against me," (ECF No. 60 at 1); that the Report is "attempting to re-try the original charges" when a "District Court Judge has already determined that probable [cause] did not exist to initiate the traffic stop," *id*. at 2; and that there cannot be a genuine issue of material fact "when the Government was forced to dismiss criminal indictments against me due to lack of probable cause for initiating the traffic stop," *id*. at 5. The court construes these arguments as suggesting that the

5

Order dismissing the charges in his criminal action has some preclusive effect that Plaintiff may use offensively as a sword in this action. The court disagrees. The February 1, 2023 order upon which Plaintiff relies did not conclude or find that there was no probable cause on the facts of this case. That order, in its entirety, stated:

> On January 31, 2023, the United States moved to dismiss charges currently pending against Defendant, ANTHONY JAMES. (Dkt. No. 75). **For the reasons stated in their motion, the Court grants the motion to dismiss**.
>
> Accordingly, it is hereby ORDERED that the charges in this case, now pending against ANTHONY JAMES, are dismissed with prejudice.

*United States v. James*, No. 2:22-cr-191-RMG, dkt. # 76 (D.S.C. Feb. 1, 2023) (emphasis added).

In turn, the motion to dismiss filed by the United States provided, in its entirety, as follows:

> The United States of America, by and through its undersigned Assistant United States Attorney, moves this Court for leave to dismiss, with prejudice, the charges pending against ANTHONY JAMES, pursuant to Rule 48 of the Federal Rules of Criminal Procedure. In support of this motion, the United States points out the following:
>
> On March 8, 2022, a three count Indictment was filed against Defendant in the above-entitled case, which charged Defendant with violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), 18 U.S.C. § 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime, and 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances).
>
> On August 26, 2022, Defendant filed a Motion to Suppress. After a hearing on his motion, the Government determined it would be in the best interest of justice to move to dismiss, with prejudice, the charges contained in the Indictment against Defendant.

*United States v. James*, No. 2:22-cr-191-RMG, dkt. # 75 (D.S.C. Jan. 31, 2023). Nothing in the order dismissing the charges or in the United States' motion to dismiss reflect that *Judge Gergel* definitively ruled that there was no probable cause on the facts of this case. Accordingly, this objection is overruled.

The court has carefully considered Plaintiff's remaining objections and finds them to be without merit. *Plaintiff* filed this motion for summary judgment—not Defendant. Accordingly, as the Report correctly notes, "[i]n considering a motion for summary judgment, the evidence of

6

the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party," and, under that standard, Defendant put forth sufficient evidence to permit a trier of fact to conclude Plaintiff was operating his vehicle without properly working taillights and that Defendant smelled the odor of marijuana upon approaching Plaintiff's car and that the additional contraband items were recovered as recounted about. The court agrees with the magistrate judge's analysis and the recommendations set forth in the Report.

### IV. Conclusion

Having thoroughly reviewed the record, the parties' filings, and the Report under the appropriate standards, the court finds no reason to deviate from the disposition recommended therein. Thus, for the reasons set forth herein, the court **ADOPTS** the Report in its entirety (ECF No. 55) and incorporates it herein. Accordingly, Plaintiff's motion for summary judgment is (ECF No. 50) is **DENIED**.

**IT IS SO ORDERED**.

s/Timothy M. Cain  
United States District Judge

October 30, 2023  
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.